THE UNITED STATES DISTIRCT COURT
NORTHERN DISTRICT OF NEW YORK

DAVID T. HAGGERTY,

                          Plaintiff,                    **ATTORNEY AFFIRMATION**

    -against-

                                           Civil Action No.: 13-cv-362
MICHAEL J. BOYLAN, MARY T.                    (LEK/RFT)
McDOWELL, and CATHERINE M. BRANNON
as Trustee of the Mary T. McDowell Irrevocable Trust,

                        Defendants.

        **BENJAMIN F. NEIDL**, an attorney admitted to practice law in the United States

District Court for the Northern District of New York and in the State of New York, affirms the

following under penalty of perjury:

        1.      I am a partner with the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker,

LLP, attorneys for plaintiff David T. Haggerty in the above-referenced lawsuit.

        2.      I respectfully submit this Attorney Affirmation in support of Mr. Haggerty's

motion, by Order to Show Cause, for a preliminary injunction and a temporary restraining order

pursuant to Fed. R. Civ. P. 65 and Local Rules 7.1(e) and (f).

        3.      This is an action to stay, and ultimately enjoin, an arbitration proceeding before

the Financial Industry Regulatory Authority ("**FINRA**"), a hearing for which is scheduled to

begin **April 8, 2013**.  That arbitration bears a FINRA Dispute Resolution Arbitration Number of

09-5163, and is entitled *Mary T. McDowell and Catherine M. Brannan v. McGinn, Smith & Co.,*

*Inc., David L. Smith, Timothy M. McGinn, and Michael J. Boylan v. David T. Haggerty* (the

"**Arbitration**").

4.      Mr. Haggerty seeks this relief because he did not, by contract or otherwise, agree to submit the purported claim against him to arbitration.  Mr. Haggerty is entitled to have the claim tried in a court of law, and is entitled to the right of appeal and other protections of the rules of evidence and civil procedure afforded to litigants in a court of competent jurisdiction.

5.      In addition to this Affirmation and the Order to Show Cause, this motion is accompanied by the following papers, which have been filed simultaneously herewith:

- Affidavit of David T. Haggerty sworn to April 1, 2013 (the **"Haggerty Affidavit,"** or **"Haggerty Aff."**);

- Plaintiff's Memorandum of Law in Support of Motion for Preliminary Injunction and Temporary Restraining Order dated April 2, 2013 (the **"Memorandum of Law"**); and

- An affidavit sworn to by me pursuant to Local Rule 7.1(e) and (f), explaining why this motion is brought by Order to Show Cause rather than on notice.

6.      In addition, this motion is supported by the following documents, true and accurate copies of which are annexed hereto as Exhibits "A" through "N":

| | | |
|---|---|---|
| **Exhibit "A"** | — | The Complaint in this Action; |
| **Exhibit "B"** | — | The Claimant's Amended Statement of Claim in the Arbitration; |
| **Exhibit "C"** | — | Michael J. Boylan's Answer to Amended Statement of Claim in the Arbitration, with "Third-Party Claim" against David Haggerty; |
| **Exhibit "D"** | — | David Haggerty's Answer to the Third-Party Claim with Objection to Jurisdiction; |
| **Exhibit "E"** | — | David Haggerty's motion to dismiss the Arbitration of the Third-Party Claim as against him; |
| **Exhibit "F"** | — | Michael Boylan's opposition to Haggerty's motion to dismiss the Arbitration as against him; |
| **Exhibit "G"** | — | Excerpt of the FINRA Customer Arbitration Code; |

2

| **Exhibit "H"** | — | Excerpt of the FINRA Industry Arbitration Code; |
| **Exhibit "I"** | — | Section "1" of the FINRA By-Laws; |
| **Exhibit "J"** | — | Table of Contents of the FINRA Rules of Conduct; |
| **Exhibit "K"** | — | Excerpt of the FINRA Rules of Conduct; |
| **Exhibit "L"** | — | Page from FINRA's Website ("Mission Statement"); |
| **Exhibit "M"** | — | Page from FINRA Website ("More About FINRA"); and |
| **Exhibit "N"** | — | Preliminary Injunction Order from the case of *Securities and Exchange Commission v. McGinn, Smith & Co., et. al.*, 10 Civ. 457 (GLS)(DRH), Northern District of New York (the **"SEC Action"**). |

7.      We have named Mary T. McDowell, Catherine M. Brannon and Michael J. Boylan as defendants in this case, because they are parties who remain involved in an interested in the Arbitration (McDowell and Brannon are the claimants in the Arbitration, and Boylan is a respondent).

8.      Only Mr. Boylan has asserted a claim against Haggerty in the Arbitration. Accordingly, I respectfully submit that Mr. Boylan is the only true party in interest adverse to Mr. Haggerty in this case.  However, we have named Ms. McDowell and Ms. Brannon as parties if and to the extent that their interest in proceeding with the Arbitration in its current configuration, if any, may be affected by the Court's decision in this matter.

9.      Three other parties were named as respondents in the Arbitration who have not been named as defendants in this case: McGinn Smith & Co., Inc. ("MS & Co."), Timothy M. McGinn, and David L. Smith.  It is our understanding that the Arbitration is stayed as against MS & Co., McGinn and Smith pursuant to this Court's Preliminary Injunction Order dated July 22, 2010, issued in the SEC Action (Exhibit "P" hereto).  In that order, the Court directed that

> [N]o person or entity, including any creditor or claimant against any of the Defendants or the Relief Defendant, or any person

acting on behalf of such creditor or claimant, shall take any action without further order of the Court to interfere with the taking control, possession, or management of the assets, including but not limited to the filing of any lawsuits, liens or encumbrances or bankruptcy cases to impact the property and assets subject to this order.

(Exhibit "P" pg. 10-11.)  MG & Co., McGinn and Smith are each included as "Defendants" in the Court's order.  (Id. pg. 1.)  Therefore, upon information and belief, the Arbitration is stayed as against all three of those parties and, for that reason, we have not named them as defendants in this case.

10.    Plaintiff's arguments in support of the motion for preliminary injunction and temporary restraining order are set forth in full in the accompany Memorandum of Law.  For the reasons set forth therein, we respectfully submit that the motion should be granted.

WHEREFORE, plaintiff David T. Haggerty respectfully requests that the Court issue an order:

(i)     Granting plaintiff a preliminary injunction, enjoining the defendants from prosecuting the Arbitration against plaintiff until this action is adjudicated on the merits;

(ii)    Temporarily restraining the defendants from prosecuting the Arbitration against plaintiff during the pendency of this motion; and

(iii)   Together with such other relief as the Court deems just and proper.

Dated:     Albany, New York
           April 2, 2013

                          Yours, etc.

                 WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                          By:     *Benjamin F. Neidl*
                                  BENJAMIN F. NEIDL (512303)
                                  *Attorneys for Plaintiff David T. Haggerty*
                                  677 Broadway
                                  Albany, New York  12207
                                  (518) 449-8893
                                  Benjamin.Neidl@wilsonelser.com