UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAVID T. HAGGERTY,

                              Plaintiff,

     -against-                                      1:13-CV-0362 (LEK/RFT)

MICHAEL J. BOYLAN; MARY T.
McDOWELL; and CATHERINE
BRANNON as Trustee of the Mary T.
McDowell Irrevocable Trust,

                              Defendants.

## DECISION and ORDER

**I.    INTRODUCTION**

      On April 5, 2013, the Court granted Plaintiff David T. Haggerty's ("Plaintiff") Motion for a temporary restraining order partially enjoining an arbitration proceeding before the Financial Industry Regulatory Authority ("FINRA"). Dkt. Nos. 6, 11 ("April 5 Order"). In its April 5 Order, the Court scheduled an evidentiary hearing for April 19, 2013, to "clarify Plaintiff's business dealings with Defendants and determine if further injunctive relief should issue." Apr. 5 Order at 10. The Court also invited the parties to submit briefs a week in advance of the hearing date addressing the need for the hearing as well as the propriety of further injunctive relief. Id. On April 12, 2013, Plaintiff submitted papers opposing the hearing and urging the Court to issue a preliminary injunction immediately. Dkt. No. 14 ("Plaintiff's Brief"). Later that day, counsel for Defendants Mary T. McDowell and Catherine Brannon filed papers supporting the evidentiary hearing and urging the Court to deny Plaintiff's request for a preliminary injunction. Dkt. No. 21.

      Currently before the Court is the question, raised in Plaintiff's Brief, whether Defendants

McDowell and Brannon maintain an interest in the outcome of this litigation of a kind justifying their continued participation in it. Pl.'s Br. at 2-5. The Court concludes that they do not and therefore *sua sponte* dismisses Plaintiff's claims against Defendants McDowell and Brannon and dismisses Defendants McDowell and Brannon from this action.

## II.    LEGAL STANDARD

Article III of the Constitution grants federal courts authority to adjudicate legal disputes only in the context of "Cases" or "Controversies." Already, LLC v. Nike, Inc., 133 S. Ct. 721, 726 (2013). To enforce this limitation, federal courts require that "litigants . . . demonstrate a 'personal stake' or 'legally cognizable interest in the outcome' of their case." Fund for Animals v. Babbitt, 89 F.3d 128, 132 (2d Cir. 1996) (quoting Cook v. Colgate Univ., 992 F.2d 17, 19 (2d Cir. 1993)); see also Camreta v. Greene, 131 S. Ct. 2020, 2028 (2011) ("[T]he opposing party also must have an ongoing interest in the dispute, so that the case features that concrete adverseness which sharpens the presentation of issues." (internal quotation marks omitted)). A litigant's personal stake "must exist not only 'at the time the complaint is filed,' but through 'all stages' of the litigation." Already, LLC, 133 S. Ct. at 726 (quoting Alvarez v. Smith, 558 U.S. 87, 92 (2009)); Camreta, 131 S. Ct. at 2028.

> While the standing doctrine evaluates this personal stake at the outset of the litigation, the mootness doctrine ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit. A case or controversy becomes moot either when the injury is healed and only prospective relief has been sought, or when it becomes impossible for the courts to redress the injury through the exercise of their remedial powers.

Babbitt, 89 F.3d at 132-33 (internal quotation marks and citations omitted); see also Utah v. Evans, 536 U.S. 452, 458 (2002) ("A law suit does not fall within this grant of judicial authority unless,

among other things, courts have the power to redress the injury that the defendants allegedly caused the plaintiff." (internal quotation marks omitted)); In re Zarnel, 619 F.3d 156, 162 (2d Cir. 2010) ("[A case is rendered moot] when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur." (internal quotation marks omitted)).

### III.  DISCUSSION

Plaintiff avers that he named McDowell and Brannon as Defendants in this action to guard against the possibility that the Court might find it necessary to enjoin the entire subject FINRA arbitration proceeding.  Pl.'s Br. at 3.  If that were to be the case, Plaintiff claims, Defendants McDowell and Brannon would have been necessary parties to this action because their interests would have been directly affected by the Court's decision.  Id.  In its April 5 Order, however, the Court did not enjoin the entire arbitration proceeding; instead, the Court enjoined only arbitration of Defendant Michael J. Boylan's "third-party" claim against Plaintiff and expressly declined to rule on the arbitrability of Defendant McDowell's and Brannon's claim against Defendant Boylan.[1]  Apr. 5 Order at 10.

That the Court might grant further relief to Plaintiff preliminarily enjoining arbitration of

---

[1] In an Affirmation submitted in support of Plaintiff's Brief, Plaintiff's counsel represents to the Court that he spoke to counsel for Defendants McDowell and Brannon, who informed Plaintiff's counsel that arbitration of Defendant McDowell's and Brannon's claim against Defendant Boylan proceeded as scheduled on April 8, 2013.  Dkt. No. 15 ¶ 3. Counsel for Defendants McDowell and Brannon filed a Letter with the Court on April 16, 2013, in which he represents that although the arbitration proceeding took place on April 8, the arbitration panel "continued" the proceeding.  Dkt. No. 22 at 3.  That there exists the possibility of additional hearings before the arbitration panel concerning Defendant McDowell's and Brannon's claim against Defendant Boylan does not, however, change the Court's analysis *infra* because the only claim relevant to this action is Defendant Boylan's third-party claim against Plaintiff.

3

Defendant Boylan's third-party claim against Plaintiff would have no effect on Defendant McDowell's or Brannon's ability to recover against Defendant Boylan before FINRA. Any adversity that may once have existed between Plaintiff and Defendants McDowell and Brannon has therefore ceased to exist. This "case or controversy" is accordingly moot as between Plaintiff and Defendants McDowell and Brannon, and the Court therefore *sua sponte* dismisses Plaintiff's claims against Defendants McDowell and Brannon and dismisses Defendants McDowell and Brannon from this action. See Already, LLC, 133 S. Ct. at 726 (holding that a case or controversy must exist at all stages of a litigation). Because the Court dismisses Defendants McDowell and Brannon from this action, the Court will not consider the most recent filings made by their counsel at Dkt. Nos. 21 and 22.

This action will proceed as between Plaintiff and Defendant Boylan, between whom a case or controversy still exists. Furthermore, because the Court concludes that a question remains as to the nature of Plaintiff's association with McGinn Smith & Co., an evidentiary hearing will still be held. In light of the Court's dismissal of Defendants McDowell and Brannon, remaining Defendant Boylan's *pro se* status, and Defendant Boylan's attempt to improperly file papers on his own behalf through counsel for Defendants McDowell and Brannon,[2] however, the Court extends the temporary restraining order granted in its April 5 Order and adjourns the evidentiary hearing until May 2, 2013, at 10:00 A.M. Defendant Boylan may participate in the hearing *pro se* or represented by counsel of his choosing. If Plaintiff or Defendant Boylan wish to submit supplemental briefing in light of this Decision and Order, they must do so within seven days of the filing date of this Decision and Order**.**

---

[2] See Dkt. No. 21-10

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** as against Defendants Mary T. McDowell and Catherine Brannon; and it is further

**ORDERED**, that Defendants Mary T. McDowell and Catherine Brannon are **DISMISSED** from this action. Because Defendants McDowell and Brannon are dismissed from this action, the Court disregards in their entirety the filings made by their counsel at Dkt. No. 21 and 22; and it is further

**ORDERED**, that the temporary restraining order granted in the Court's April 5 Order (Dkt. No. 11) is **EXTENDED** for an additional **fourteen (14) days**; and it is further

**ORDERED**, that the evidentiary hearing currently scheduled for April 19, 2013, at 10:00 A.M. is adjourned until **May 2, 2013, at 10:00 A.M.** in Courtroom #1, James T. Foley United States Courthouse, Albany, New York. Defendant Boylan may participate in the hearing *pro se* or represented by counsel of his choosing; and it is further

**ORDERED**, that any supplemental briefing must be filed with the Clerk of the Court and served upon the opposing party on or before **April 24, 2013**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: April 17, 2013
Albany, New York

Lawrence E. Kahn
U.S. District Judge