UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAVID T. HAGGERTY,

                                        Plaintiff,

        -against-                                          1:13-CV-0362 (LEK/RFT)

MICHAEL J. BOYLAN,

                                        Defendant.
_____

**DECISION and ORDER**

## I.   INTRODUCTION[1]

        Defendant Michael J. Boylan ("Defendant") sought to implead Plaintiff David T. Haggerty

("Plaintiff") into an arbitration proceeding before the Financial Industry Regulatory Authority

("FINRA") by filing a "third-party claim" against Plaintiff in that proceeding.  Dkt. No. 1, Ex. B.

Plaintiff, in response, brought this action seeking both a declaration that Defendant's third-party

claim is not subject to arbitration and injunctive relief to that effect.  Dkt. No. 1.  The Court granted

Plaintiff's request for a temporary restraining order ("TRO") on April 5, 2013, and issued a

preliminary injunction on May 3, 2013.  Dkt. Nos. 11 ("April 5 Order"); 32 ("May 3 Order").

        On August 8, 2013, Plaintiff filed a Motion for summary judgment along with a supporting

Memorandum and Statement of material facts.  Dkt. Nos. 39 ("Motion"); 39-1 ("Memorandum");

39-2 ("SMF").  On August 26, Defendant, proceeding *pro se*, filed a Response stating that the

underlying FINRA arbitration claim had been withdrawn,[2] that he agreed not to pursue any claims in

_____

        [1] The Court assumes the parties' familiarity with the factual and procedural background of
this case as set forth in the Court's previous Orders.  See Dkt. Nos. 11; 23; 32.

        [2] Defendant included a letter from counsel for Mary McDowell, the claimant in the
underlying FINRA arbitration, indicating that Ms. McDowell withdrew the pending arbitration

this matter before FINRA going forward, and that he therefore did not object to Plaintiff's Motion. Dkt. No. 41 ("Response") at 1.[3] Plaintiff filed a Reply requesting that his Motion be granted as unopposed in light of Defendant's Response. Dkt. No. 42 ("Reply") ¶ 4. For the following reasons, the Court grants Plaintiff's Motion.

## II.    LEGAL STANDARD

To prevail on a motion for summary judgment, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant bears the burden of demonstrating the absence of a question of material fact. In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); see also Holcomb v. Iona Coll., 521 F.3d 130, 132 (2d Cir. 2008). To survive a summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." FED. R. CIV. P. 56(c)(1); see also Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009). Only disputes over "facts that might affect the outcome of the suit under the governing law" will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Johnson v. Killian, 680 F.3d 234, 236 (2d Cir.2012) (citing Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir.2003)). "Even when a motion for summary judgment is unopposed, the

claim. Dkt. No. 41, Ex. 2. Ms. McDowell and Catherine Brannon, trustee of the Mary T. McDowell Irrevocable Trust, were originally named as defendants in this action but were dismissed by the Court on April 17, 2013. Dkt. No. 23.

[3] The page numbers for the Response correspond with the pagination in ECF.

district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." <u>Vt. Teddy Bear Co. v. 1–800 Beargram Co.</u>, 373 F.3d 241, 242 (2d Cir. 2004).

## III. DISCUSSION

### A. Mootness

In his Reply, Plaintiff argues that the withdrawal of the underlying FINRA claim does not moot this action because Ms. McDowell could reassert that claim in the future, at which point Defendant could change course and reassert his claim for indemnification against Plaintiff before FINRA. Reply ¶¶ 4-6.

"As a general rule, in a case involving an allegation that defendant has engaged in illegal activity, a court's power to hear and decide the matter is not terminated when defendant voluntarily ceases its illegal conduct." <u>Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.</u>, 191 F.3d 198, 202 (2d Cir. 1999). Rather, mootness is demonstrated only where: "'(1) it can be said with assurance that there is no reasonable expectation . . . that the alleged violation will recur, . . . and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" <u>Id.</u> (quoting <u>Los Angeles Cnty. v. Davis</u>, 440 U.S. 625, 631 (1979)).

Here, nothing in the record suggests that the reassertion of Defendant's third-party claim against Plaintiff before FINRA has been irrevocably foreclosed. Accordingly, this action is not moot and the Court can reach the merits of Plaintiff's claim.

### B. Merits of Plaintiff's Claim

The Court has considered the merits of this case on two previous occasions. In both the April 5 and May 3 Orders, the Court found that Plaintiff was likely to succeed on the merits of his claim. More specifically, the Court found that no portion of the FINRA arbitration rules that

compel arbitration—i.e., neither the "Customer Arbitration Code" nor the "Industry Arbitration Code"[4]—covers Defendant's claim against Plaintiff.  April 5 Order at 5-9; May 3 Order at 8-14.

### 1. Customer Arbitration Code

Under the Customer Arbitration Code, a member can be compelled to arbitrate under only two circumstances: (1) where arbitration is "[r]equired by a written agreement," or (2) where arbitration is "[r]equested by the customer."[5]  FINRA R. 12200; <u>see also</u> <u>UBS Sec., LLC v. Voegeli</u>, 405 F. App'x 550, 551-52 (2d Cir. 2011).  Plaintiff asserts that no written agreement exists requiring arbitration, SMF ¶ 14; Mem. at 8, and that Defendant is not a customer under Rule 12100(i), SMF ¶ 5; Mem. at 8.  The Court found these assertions sufficient in issuing the TRO.[6]  April 5 Order at 7.  Defendant has not refuted the assertion that no written agreement exists.  Mem. at 6-7; <u>see generally</u> Dkt. No. 38.  Furthermore, the FINRA Rules exclude broker-dealers from the definition of "customer."  FINRA R. 12100(i).  Defendant, as a broker-dealer, is therefore not a "customer," and arbitration of his claim against Plaintiff cannot be "requested by the customer."  Mem. at 8; SMF ¶ 5.

Plaintiff has met his burden of demonstrating that there is no genuine issue of material fact as to whether the Customer Arbitration Code covers Defendant's third-party claim.

---

[4] For ease of reference, the Court adopts these classifications of the relevant sections of the FINRA Rules.  <u>See</u> May 3 Order at 10 n.6.

[5] Rule 12200 further requires that "[t]he dispute is between a customer and a member or associated person of a member" and that "[t]he dispute arises in connection with the business activities of the member or the associated person, except disputes involving the insurance business activities of a member that is also an insurance company."

[6] Because neither party addressed the applicability of the Customer Arbitration Code during the April 26 evidentiary hearing and subsequent briefing, the Court did not change its analysis in the May 3 Order.  May 3 Order at 10.

## 2. Industry Arbitration Code

FINRA Rule 13200(a) provides that "[e]xcept as otherwise provided in the Code, a dispute must be arbitrated under the Code if the dispute arises out of the business activities of a member or an associated person and is between or among Members; Members and Associated Persons; or Associated Persons." Rule 13100(o) defines the term "member" to include

> any broker or dealer admitted to membership in FINRA, whether or not the membership has been terminated or cancelled; and any broker or dealer admitted to membership in a self-regulatory organization that, with FINRA consent, has required its members to arbitrate pursuant to the Code and/or to be treated as members of FINRA for purposes of the Code, whether or not the membership has been terminated or cancelled.

"Associated Person" is defined as "a natural person who is registered or has applied for registration under the Rules of FINRA" or

> [a] sole proprietor, partner, officer, director, or branch manager of a member, or other natural person occupying a similar status or performing similar functions, or a natural person engaged in the investment banking or securities business who is directly or indirectly controlling or controlled by a member, whether or not any such person is registered or exempt from registration with FINRA under the By-Laws or the Rules of FINRA.

FINRA R. 13100(a), (r).

Plaintiff was not a member of FINRA at the time of the relevant transactions in 2004, SMF ¶ 12, nor was he an "associated person" of a member. Plaintiff was not a "sole proprietor, partner, officer, director, or branch manager of a member, or other natural person occupying a similar status or performing similar functions." See SMF ¶¶ 13-22. Furthermore, neither Plaintiff's receipt of referral fees from McGinn Smith & Co., Inc. ("McGinn Smith"), nor the possibility that Plaintiff's complaints instigated a personnel move at McGinn Smith, demonstrate that Plaintiff controlled or was controlled by McGinn Smith. May 3 Order at 13-14; see also Mem. at 11-12. The Court therefore finds that there is no genuine issue of material fact as to whether the Industry Arbitration

Code covers Defendant's third-party claim against Plaintiff.

Because Defendant's third-party claim against Plaintiff is not arbitrable, Plaintiff is entitled to judgment as a matter of law.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 39) for summary judgment is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's request for declaratory judgment is **GRANTED**. The Court hereby declares that the causes of action set forth in the "Third-Party Claim" filed by Michael J. Boylan in the FINRA arbitration (FINRA Dispute Resolution Number 09-5163) are not subject to arbitration before FINRA; and it is further

**ORDERED**, that Defendant is **ENJOINED** from prosecuting the causes of action set forth in his "Third-Party Claim" against David T. Haggerty in arbitration before FINRA; and it is further

**ORDERED**, that the Clerk of the Court enter judgment for Plaintiff and close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     January 13, 2014
           Albany, New York

Lawrence E. Kahn
U.S. District Judge

6